FILED
United States Court of Appeals
Tenth Circuit

February 13, 2019

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

JUAN LUIS AGUILAR-PEREZ,

Petitioner,

v.

MATTHEW G. WHITAKER, Acting
United States Attorney General,*

Respondent.

No. 18-9513
(Petition for Review)

_____

**ORDER AND JUDGMENT**\*\*
_____

Before **BACHARACH**, **PHILLIPS**, and **EID**, Circuit Judges.
_____

This appeal involves a petition for review of a decision by the Board
of Immigration Appeals. The petitioner (Mr. Aguilar-Perez) is a Mexican
citizen who overstayed his visa in the United States. He would ordinarily
be considered removable, but he sought asylum and withholding of
removal. The Board rejected both requests, and Mr. Aguilar-Perez
petitioned for review. We deny the petition.

_____

\*      We substitute Mr. Matthew G. Whitaker as the respondent. *See* Fed.
R. App. P. 43(c)(2).

\*\*      The parties do not request oral argument, and it would not materially
aid our consideration of the appeal. So we have decided the appeal based
on the briefs. *See* Fed. R. App. P. 34(a)(2); Tenth Cir. R. 34.1(G).

The petition rests on facts that are largely undisputed. Before entering the United States, Mr. Aguilar-Perez worked in Chihuahua, Mexico, as a police officer. According to Mr. Aguilar-Perez, he and his partner faced threats from a criminal group involved in killing, extortion, kidnaping, and drug trafficking.

These threats led Mr. Aguilar-Perez to quit the police force. For roughly two years, he continued to live in Mexico. But his fears resurfaced when someone killed his former partner and tried to kill Mr. Aguilar-Perez's brother-in-law (who was also a Mexican police officer). Mr. Aguilar-Perez entered the United States on a temporary visitor's visa and later sought asylum and withholding of removal.[1] The Immigration Judge denied both forms of relief, and the Board of Immigration Appeals affirmed.[2]

**Standard of Review**

We review the Board's decision, which consisted of a single Board member's summary decision. In reviewing the Board's decision, we may consult the Immigration Judge's explanation. *Neri-Garcia v. Holder*, 696

---

[1]     Mr. Aguilar-Perez also sought protection under the Convention Against Torture. This request was denied, but Mr. Aguilar-Perez does not seek review of this part of the Board's decision.

[2]     The Immigration Judge rejected the asylum claim in part because it was untimely. But the Board assumed timeliness, so we need not decide whether the asylum claim was timely.

F.3d 1003, 1008–09 (10th Cir. 2012). Regardless of whether we consult the Immigration Judge's explanation, however, we engage in de novo review of the Board's decision. *Elzour v. Ashcroft*, 378 F.3d 1143, 1150 (10th Cir. 2004).

Mr. Aguilar-Perez contends that the Board lacked substantial evidence for the decision. To assess this contention, we regard the Board's factual findings as conclusive unless all reasonable decision-makers would have disagreed. 8 U.S.C. § 1252(b)(4)(B); *River-Barrientos v. Holder*, 666 F.3d 641, 645 (10th Cir. 2012).

**Asylum**

Mr. Aguilar-Perez would be eligible for asylum only if he established status as a refugee. 8 C.F.R. § 1208.13. He would be considered a refugee if he experienced or would experience persecution in Mexico at least in part because of his membership in a particular social group. 8 U.S.C. § 1101(a)(42)(A); *Karki v. Holder*, 715 F.3d 792, 800 (10th Cir. 2013). Mr. Aguilar-Perez requested asylum based on both past persecution and fear of future persecution.

He based both requests on his membership in a particular social group consisting of incorruptible former police officers. The Board assumed that this group could qualify as a particular social group. But membership of that group is not enough; Mr. Aguilar-Perez also needed to tie his persecution to his status as a former police officer.

3

For the sake of argument, we assume that the Board could have found a connection between the past persecution and Mr. Aguilar-Perez's status as an incorruptible former police officer. But the Board found no connection, so we ask only whether the Board's finding was reasonable. We believe that it was. Mr. Aguilar-Perez did face threats and intimidation while working as a police officer. But he had quit the police force roughly two years before immigrating to the United States, and he has not alleged exposure to persecution after quitting the police force. Thus, a reasonable decision-maker could reject a connection between the threats to Mr. Aguilar-Perez as an active police officer and his current status as an incorruptible former police officer.

Mr. Aguilar-Perez also insists that he fears future persecution if he returned to Mexico. For this claim, he needed to show that he reasonably feared persecution based on evidence that was both credible and direct. *Wiransane v. Ashcroft*, 366 F.3d 889, 893 (10th Cir. 2004). We can again assume for the sake of argument that a reasonable decision-maker could have credited Mr. Aguilar-Perez's allegation. But the Board didn't credit this allegation, and the Board's factual determination was reasonable.

Mr. Aguilar-Perez testified that he had information that a criminal group in Mexico had been killing former police officers. He also presented an article stating that a Mexican police chief had been targeted even after leaving the police force. According to the article, the former police chief

4

had obtained recognition for cutting crime in both Tijuana and Ciudad Juarez.

But the Board could legitimately conclude that Mr. Aguilar-Perez had not genuinely or reasonably feared persecution as a former police officer. The article referred only to a single report of violence against a former police chief. And all of the other documentary evidence related only to violence against *active* Mexican police officers and other public officials. So the Board's factual finding was supported by substantial evidence. *See Estrada-Escobar v. Ashcroft*, 376 F.3d 1042, 1047–48 (10th Cir. 2004) (upholding the denial of a former Peruvian police officer's asylum claim based on a fear of future persecution despite evidence that a high-profile activist had been assassinated after leaving and returning to Peru); *see also Ahmed v. Ashcraft*, 348 F.3d 611, 617–19 (7th Cir. 2003) (holding that the Board had substantial evidence to reject a former Algerian police officer's claim for asylum based on a fear of future persecution).

We therefore conclude that the Board had substantial evidence to reject the asylum claim.

**Withholding of Removal**

Mr. Aguilar-Perez bore an even greater burden to justify withholding of removal. *Zhi Wei Pang v. Holder*, 665 F.3d 1226, 1233 (10th Cir. 2012). Because he failed to show eligibility for asylum, the Board could reasonably conclude that he would also fail to justify withholding of

5

removal. *See Rodas-Orelanna v. Holder*, 780 F.3d 982, 987 (10th Cir. 2015) ("Failure to meet the burden of proof for an asylum claim necessarily forecloses meeting the burden for a withholding claim.").

\* \* \* \*

We conclude that substantial evidence existed for the denial of both asylum and withholding of removal. Given these conclusions, we deny the petition for review.

Entered for the Court


Robert E. Bacharach
Circuit Judge

6